BOUZENOS et al. v. BAUER.

(Supreme Court, Appellate Term, First Department. May 9, 1916.)

SHERIFFS AND CONSTABLES ⬤⟿113(3)—ILLEGAL LEVY—CONVERSION.

An officer who levies on goods of a party other than the judgment debtor, and exercises dominion over them after notice that the apparent owner is not the real owner, becomes a trespasser, liable to an action for conver-sion.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 190; Dec. Dig. ⬤⟿113(3).]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by James Bouzenos and others against August Bauer. From a judgment in favor of the defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued March term, 1916, before LEHMAN, WHITAKER, and PENDLETON, JJ.

Irwin Kurtz, of New York City (Conrad J. Ruby, of New York City, of counsel), for appellants.

Samuel Katz, of New York City, for respondent.

LEHMAN, J. The plaintiffs have brought an action for an alleged conversion of goods by a marshal, who seized them under an execution issued in an action against other parties. It appears that the defendant, a city marshal, proceeded to a store which the plaintiffs claim to own and there attempted to levy upon the stock contained in the store. The execution under which the marshal acted was valid on its face and according to the marshal's story, the store was in the apparent possession of one of the judgment debtors named in the execution. A fight arose before the marshal could actually levy on the goods, and the plaintiffs were arrested and fined in the police court. Thereafter the marshal and the other parties returned to the store, and the defendant completed the inventory and levy. Before the marshal actually took away the goods from the store the plaintiffs' attorney warned the marshal that the goods belonged to the plaintiffs and that he was proceeding at his peril.

The defendant nevertheless proceeded to order a wagon and to pack up the goods preparatory to loading them. In order to prevent the goods from being removed the plaintiffs' attorney paid under protest the amount of the judgment and received a receipt from the marshal that the moneys were received under protest from these plaintiffs. The marshal concededly was not entitled to receive these moneys from the plaintiffs under an execution against third parties unless he had a right to hold the goods under his levy and the plaintiffs paid the judgment for the purpose of obtaining the release of the goods held under claim of due process of law. At the trial the only issue litigated was whether or not the marshal was guilty of conversion by reason of his acts in seizing and holding these goods. The trial justice, after the trial, has decided that the goods actually belonged to the plaintiffs, but

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that, since he acted in good faith and seized only goods over which one of the judgment debtors was exercising apparent ownership, he is not liable for conversion.

It seems to me that the trial justice's conclusion of law does not follow from his findings of fact. It is too well established to require citation that an officer who levies on goods of a party other than the judgment debtor is guilty of conversion, even though he acted under an honest mistake. It is true that there is authority for the view that this rule is subject to a limitation that an officer does not become a trespasser by a levy on goods which he finds in the possession of the debtor and over which the debtor exercises apparent ownership, but there is no authority that such a limitation to the general rule applies where the officer has exercised domination over the goods, after he has received notice that the apparent owner is not the real owner. In this case, even if the defendant did not become a trespasser by the formal levy, he did become a trespasser if thereafter he proceeded to pack up goods belonging to the plaintiffs, after notice of their ownership, and the judgment in favor of the defendant is therefore erroneous.

Of course the alleged conversion was a conversion of the property levied on, and not of the moneys received; but these moneys were apparently paid over to reduce the damage and were so regarded at the trial. While for these reasons the judgment must be reversed, I do not think that we should grant judgment on this record to the plaintiffs. The plaintiffs are closely related to the judgment debtors, and there are so many suspicious circumstances in regard to their claim of ownership that I feel that a new trial should be ordered.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.